1   LOCKE LORD BISSELL & LIDDELL LLP
2   Robert J. McAughan, Jr. (*pro hac vice*)
    bmcaughan@lockelord.com
    Pankti Patel (*pro hac vice*)
3   ppatel@lockelord.com
    3400 JP Morgan Chase Tower
4   600 Travis
    Houston, Texas 77002
5   Telephone:  713.226.1200
    Facsimile:   713.223.3717
6
    Keith G. Wileman (SBN: 111225)
7   kwileman@lockelord.com
    Cory A. Baskin (SBN: 240517)
8   cbaskin@lockelord.com
    300 South Grand Avenue, Eighth Floor
9   Los Angeles, California  90071-3119
    Tel:  213.485.1500
10  Fax:  213.485.1200

11  Attorneys for PLAINTIFF
    THE NINJA CORPORATION UAE
12
    Lori Minassian (SBN: 223542)
13  lminassian@foley.com
    Diana Chen (SBN: 232921)
14  dchen@foley.com
    FOLEY & LARDNER LLP
15  2029 Century Park East, 35th Floor
    Los Angeles, CA 90067-3021
16  Phone:  310.277.2223
    Fax:  310.557.8475
17
    Attorneys for DEFENDANTS
18  PATENT CATEGORY CORPORATION and
    PLAYHUT, INC
19
                    UNITED STATES DISTRICT COURT
20
                   CENTRAL DISTRICT OF CALIFORNIA
21

22  | THE NINJA CORPORATION UAE, a | Case No. CV 07-5543 CAS (RZx) |
    | foreign corporation, | |
23  | | **ORDER APPROVING SECOND** |
    | Plaintiff, | **STIPULATED JOINT** |
24  | | **PROTECTIVE ORDER** |
    | v. | |
25  | | |
    | PLAYHUT, INC. and PATENT | |
26  | CATEGORY CORPORATION, | N O T E : C H A N G E S   H A V E   B E E N |
    | California corporations, | M A D E   T O   T H I S   D O C U M E N T |
27  | | |
    | Defendants. | |
28

*(left margin, vertical text)* Locke Lord Bissell & Liddell LLP / 300 South Grand Avenue, Eighth Floor / Los Angeles, CA 90071-3119

The Court, having considered the Second Stipulated Joint Protective Order filed by the parties to this action on June 3, 2008, and good cause appearing therefore, hereby orders that the provisions of said Stipulated Joint Protective Order as set forth fully below are approved and adopted and shall constitute the Protective Order of this Court:

## **GOOD CAUSE STATEMENT**

This action involves, *inter alia*, claims for false patent marking in violation of 35 U.S.C § 292, false advertising and unfair competition in violation of the Lanham Act and unlawful monopolization in violation of the Sherman Act brought by Plaintiff The Ninja Corporation UAE ("Ninja") against Defendants Patent Category Corporation ("PCC") and Playhut, Inc. ("Playhut").  Ninja also seeks declaratory judgments as to PCC's misuse of its patents by engaging in a pattern of bad faith enforcement of its intellectual property rights in violation of the federal antitrust law, the invalidity of U.S. Patent No. 6,604,537 and U.S. Patent No. 6,266,904, Ninja's non-infringement of said patents, in addition to bringing various claims for relief under Texas unfair competition and antitrust laws.

Playhut is a California corporation which manufactures and sells a variety of collapsible/pop-up structures used for play and in other contexts. Since entering the market in 1992, Playhut, has represented itself as being the number one United States manufacturer and marketer of collapsible/pop-up play structures and, upon information and belief, currently enjoys over 75% of the market share in the U.S. collapsible structure industry. Playhut's product portfolio includes, among other things, toys, play structures, slumber items, outdoor and seasonal products, and children's room décor sold under the Playhut brand and other licensed brands. Playhut manufactures and sells its products pursuant to a patent license from Patent Category Corporation ("PCC"), another California corporation and the assignee of over 80 United States patents directed to collapsible/pop-up structures.  Playhut's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA  90071-3119

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1 products can be purchased from a number of stores across the United States

2 including, but not limited to, Target, Toys R Us, and KB Toys.

3      Ninja, a foreign corporation organized under the laws of the United Arab

4 Emirates, is a leading European manufacturer and distributor of collapsible/pop-up

5 play structures.  In addition to its operations in Europe, Ninja distributes some of its

6 products in the United States.  These products compete with those sold by Playhut.

7 Ninja also competes for the same customers.  Ninja's U.S. customer base includes,

8 but is not limited to, Target; Franklin Sports, Inc. ("Franklin"); and J.C. Penney,

9 Inc.

10      Since the parties are direct competitors in the collapsible/pop-up products

11 market and since this action (and the related action also pending before this Court,

12 *Patent Category Corporation v. Target Corporation, et al.*, United States District

13 Court, Central District of California, Case No. CV 06-7311 CAS (CWx) (the

14 "Related Action") directly involve the marketing, promotion and sale of products

15 underlying PCC's patents, PCC's and Playhut's business activities in conjunction

16 with the development and enforcement of  PCC's patents and the sale and

17 distribution of products that compete with Ninja, the representations and statements

18 made by PCC and Playhut to customers in commerce, and the impact of such

19 activities on Ninja's business and the business of its customers and other

20 competitoirs in the market, discovery in this action is likely to uncover and call for

21 the exchange of the confidential, financial, proprietary, and other commercially and

22 competitively sensitive information.  The parties, as competitors in the industry,

23 will likely be placed at a competitive or economic disadvantage if such information

24 is disclosed to other parties and/or the public at large.  The parties submit that good

25 cause exists to protect, under the terms set forth herein, their respective "trade

26 secrets" (as defined by California Civil Code § 3426.1(d)), confidential financial

27 information and/or other competitively sensitive information to avoid any prejudice

28 or harm in the form of loss of competitive advantage which would likely result if

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA  90071-3119

- 3 -

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

such information was disclosed in the absence of the protections set forth herein. Indeed, a Protective Order similar to the one sought herein is already operative in the Related Action [*see* Related Action, Docket No. 64], which has allowed the parties to take depositions, conduct written discovery and submit evidence under seal in support of various motions without fear of prejudicial disclosure.

1.0   **General Scope**

1.1   This joint protective Order shall govern all discovery authorized by the Federal Rules of Civil Procedure conducted in this case that a disclosing party has designated pursuant to this Order.

1.2   This Order shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

1.3   Nothing in this Order shall limit or preclude a party to this litigation from applying to the Court for relief from this Order, or for such further or additional protective orders as the Court may deem appropriate.

1.4   For purposes of this Order, "item" shall mean any document, thing, interrogatory answer, deposition testimony, admission or other material or information that is produced during discovery, generated by a party or its counsel, or filed with the court, in this action.

2.0   **Designation of Levels of Protection**

2.1   A party to this litigation, or a third party who elects to be protected by this Order, who produces or discloses any item, may designate the item as:

"CONFIDENTIAL"

if such item concerns trade secrets, competitively sensitive information or other confidential information the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating party, would be detrimental to the designating party in the conduct of its business.

2.2   A party to this litigation, or a third party who elects to be covered by this Order, who produces or discloses any item, may designate the item as:

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

"CONFIDENTIAL-ATTORNEYS ONLY"

if such item meets the requirements for designation as "CONFIDENTIAL" and, in addition, the disclosure of the item poses an unreasonable risk of material harm to the designating party.  Items shall not be designated as "Confidential-Attorneys Only" unless such items (a) contain information for the most sensitive nature that, if disclosed to persons of expertise in this area, would reveal significant technical or business advantages of the producing or designating party, and (b) contain only information that is believed to be unknown to one or more of the opposing party or parties.  Examples of "Confidential-Attorneys Only" information include materials relating to research for and production of current products and of processes, technical and research information regarding future products and processes, certain highly sensitive business or financial information and marketing plans and forecasts, any pending or abandoned patent applications, any license or settlement agreements, and any similar information.  The "Confidential-Attorneys Only" designation is an exceptional designation and is to be used in good faith only to protect confidential material that meet the above defined criteria.

2.3     A party to this litigation, or a third party who elects to be covered by this Order, who produces or discloses any item, may designate the item as:

"CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY"

if such item meets the requirements for designation as "CONFIDENTIAL— ATTORNEYS ONLY" and, in addition, the disclosure of the item poses an unreasonable risk of competitive material harm to the designating party.  Items shall not be designated as "Confidential-Outside Attorneys Only" unless such items contain information for the most competitively sensitive nature that, if disclosed to in-house counsel, present a significant risk of competitive or business harm. Examples of "Confidential-Outside Attorneys Only" information include materials relating to business relationships between parties to this action. The "Confidential-Outside Attorneys Only" designation is an exceptional designation and is to be used

ORDER APPROVING STIPULATED JOINT PROTECTIVE ORDER

in good faith only to protect confidential material that meet the above defined criteria.

3.0     **Marking of Designated Items**

3.1     The designation of items that exist in tangible form shall be achieved by visibly and securely marking the item as "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS ONLY", or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY".

3.2     Multi-page or multi-screen items shall have each page or screen marked with the designation.

3.3     Designated items that cannot be readily or easily marked in a visible, secure manner shall be marked by the designating party by serving a letter upon the receiving party that clearly identifies the item and the designation under this Order. This manner of designation shall be completed prior to or concurrent with the disclosure of the item, subject to paragraphs 4.0 and 12.0.

3.4     Items previously produced may be retroactively designated under this Order by notice in writing of the designated class of each item within thirty (30) days of the entry of this Order.

4.0     **Rule 34 Inspection of Items**

4.1     In the event a party elects to produce items for inspection under Rule 34, no marking need be made by the producing party in advance of the initial inspection.

4.2     For purposes of the initial inspection, all items produced shall be considered as designated and as marked "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY."

4.3     Upon selection of specified items for copying, the producing party may designate and mark the copies of such items as "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS ONLY," or "CONFIDENTIAL-OUTSIDE

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

ATTORNEYS ONLY" as appropriate, prior to producing the copies to the inspecting party.

**5.0    Authorized Recipients of CONFIDENTIAL-ATTORNEYS ONLY and CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY Items**

5.1    Items designated as "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" shall be restricted to the following persons on behalf of the receiving party:

5.1.1  Outside counsel of the party in this action, including local counsel, and their support staff;

5.1.2  Court personnel, stenographic reporters, and videographers engaged in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action; and

5.1.3  A reasonable number of independent outside experts or consultants, each of whom has been qualified under paragraph 8.0 of this Order, and their support staff.

5.2    Items designated as "CONFIDENTIAL- ATTORNEYS ONLY" shall be restricted to the persons listed in 5.1, plus the following in-house counsel and their support staff:

5.2.1  Raymond Sun for Plaintiff, Patent Category Corporation;

5.2.2  Jayne Trudell for Defendant Target Corporation; and

5.2.3  Joe Bowman for Defendant, Franklin Sports, Inc.

5.3    The disclosure of CONFIDENTIAL-ATTORNEYS ONLY or CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY items to an independent expert or consultant must be reasonably necessary to assist counsel for a party in the preparation for trial and/or the trial of this action.

**6.0    Authorized Recipients of CONFIDENTIAL Items**

6.1    Items designated by a party as "CONFIDENTIAL" shall be restricted to the persons authorized by paragraph 5.0 and to two (2) business persons

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

employed by the receiving party during the pendency of this action and each of whom has been qualified under paragraph 8.0 of this Order.

6.2     A business person authorized to receive items designated as "CONFIDENTIAL" is not authorized to receive items designated as "CONFIDENTIAL-ATTORNEYS ONLY" or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY".

### 7.0     Disclosure to Expert Recipients

7.1     A person authorized to receive CONFIDENTIAL-ATTORNEYS ONLY or CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY items may disclose such items or the substance of such items only to persons personally known to him/her to be authorized under this Order to receive CONFIDENTIAL-ATTORNEYS ONLY or CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY items.

7.2     A person authorized to receive CONFIDENTIAL items may disclose such items or the substance of such items only to persons personally known to him/her to be authorized under this Order to receive CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS ONLY, or CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY items.

7.3     However, during a deposition in this action, counsel for a receiving party may question any author, direct recipient, present employee or officer, or past employee or officer of the disclosing party concerning items designated under this Order, regardless of whether the deponent is authorized under this Order.

### 8.0     Qualification of Certain Recipients

8.1     Each independent expert or consultant attorney used by a party for purposes of this case (paragraph 5.0) and each of the up to two business persons (paragraph 6.0) shall read this Order and each shall agree in writing, by executing the appropriate form declaration agreement attached hereto as Exhibit A or Exhibit

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

B, to be bound by the terms of this Order concerning receipt and disclosure of items designated under this Order.

8.2    A duplicate original of each declaration agreement shall be provided to each other party within five (5) days after execution thereof.

8.3    Each expert or consultant shall provide a brief biographical sketch with the signed declaration agreement that includes a description of his/her prior employment and consulting positions held by the expert or consultant in his/her field, and shall disclose any relationship to the parties, direct or indirect.

8.4    No designated item shall be shown to any expert, consultant, or businessperson until ten (10) business days after that expert or consultant has been identified in writing to the opposing parties, including the brief biographical sketch.

9.0    **Objection to Qualification of a Person**

9.1    A party may object in writing to the qualifications of a person as an expert, consultant, or business person within the ten (10) business day period set forth in sub-paragraph 8.4.

9.2    No disclosure of designated items shall be made to the objected-to person until the objecting party consents or until the Court rules in favor of the non-objecting party on appropriate motion.

9.3    The parties shall attempt in good faith to resolve the issue before involving this Court.

9.4    The party seeking to disclose designated items to the expert, consultant, in-house attorney or businessperson shall be the moving party.

10.0    **Challenging the Designation of an Item**

10.1    A party shall not be obligated to challenge the propriety of a designation of an item as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS ONLY, or CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

10.2   In the event that any party to this suit objects at any stage of these proceedings to the designation by another party of any item as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS ONLY, or CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY, the parties first shall try to resolve such dispute in good faith without involving this Court.

10.3   If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

10.4   Exceptions to this Order may be made by written or transcribed agreement of the parties, and either party may seek an order of this Court modifying this Order.  This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular item is or is not, in fact, confidential, proprietary, or secret information or otherwise appropriately designated in accordance with this Order.

11.0   **Derivation**

11.1   Information obtained by a party inspecting, measuring, analyzing, testing, using, consulting, or otherwise reviewing any item designated under this Order shall be considered as designated and marked according to the highest level of protection of any item reviewed in obtaining that information.

12.0   **Depositions**

12.1   Any party may designate testimony on oral deposition under any one or more of the three categories of confidential information identified in Section 2.0 above.  The designation of such testimony may be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

12.2   Once testimony has been designated under this Order, only the following persons shall be present for the answer:

12.2.1   Persons authorized under this Order;

12.2.2   The deponent; and

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

12.2.3   The reporter and videographer.

12.3   The portion of the deposition transcript corresponding to the designated answer shall be marked by the reporter and videographer as "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS ONLY", or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" as appropriate.

12.4   A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

12.5   Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked, as designated.

12.6   Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" and the deponent.

13.0   **Use For This Litigation Only**

13.1   Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

14.0   **Public Knowledge**

14.1   The provisions of this Order with respect to items designated as "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS ONLY", or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" shall not apply to an item that (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of it and not under any restriction prohibiting the release of it; (c) was possessed prior to receipt of the item asserted to be confidential from a source able to provide it without a breach of confidence; or (d)

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

is discovered independently by the receiving party by means that do not constitute a violation of this Order.

14.2   If a party desires to make use of an item designated as "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS ONLY", or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" for purposes inconsistent with the designation under this Order and contends that the item comes within sub-paragraph 14.1, then the party shall notify the disclosing party in writing of the receiving party's intention to use such item and the factual basis for its contention that the item comes within sub-paragraph 14.1.

14.3   For a period of ten (10) days subsequent to such written notification from the receiving party to the disclosing party, the receiving party shall make no disclosure of the item inconsistent with its designation under this Order to provide the disclosing party opportunity to move the Court for appropriate relief.

15.0   **Items Filed With The Court**

15.1   Any item or substance of an item designated as "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS ONLY", or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" that is filed with the Court for any purpose shall be filed in a sealed envelope and marked with the title of the action and the following statement:

> THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE COURT IN THIS SUIT, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

An application to permit under seal filing, and a Proposed Order, shall be concurrently filed.

15.2   To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

ORDER APPROVING STIPULATED JOINT PROTECTIVE ORDER

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

15.3   No designated items or substance of a designated item shall be included in whole or in part in pleadings, motions, briefs, or other papers filed in Court except as provided in this paragraph.

**16.0   Inadvertent Disclosure**

16.1   The inadvertent or unintentional disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY," CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

16.2   The receiving party shall promptly destroy, sequester, or return to the disclosing party any protected or privileged item discovered by the disclosing party to have been inadvertently or unintentionally disclosed to the receiving party upon being notified of the disclosing party's claim of protection or privilege. If the receiving party disclosed the protected or privileged item before being notified of the disclosing party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the disclosing party.

16.3   The disclosing party shall preserve the privileged or protected item until the claim is resolved.

**17.0   Miscellany**

17.1   Counsel for each party shall take reasonable precautions with regard to storage, custody and use of designated items to prevent the unauthorized or inadvertent disclosure of any protected information.

17.2   This Order shall not be construed as a waiver of the right of a party to object to discovery under Rule 26.

- 13 -

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

17.3   Promptly after final termination of this action by judgment, settlement or otherwise, all designated items disclosed under the terms of this Order, including all copies thereof and all items derived from such items, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing.  As an alternative to destroying or delivering to counsel all such designated items, counsel may retain a copy of a limited number of items for the purpose of providing continued advice to the retaining party's client, provided that all such documents shall be treated as "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" in accordance with this Joint Protective Order.  It is further understood that outside counsel for each party may retain its work product.

17.4   This Joint Protective Order shall not be construed to prevent counsel from rendering advice to his or her client with respect to this litigation or from conveying to such client his or her evaluation of designated information produced or exchanged herein, provided, however, that in rendering such advice or otherwise communicating with his or her client the attorney shall not disclose the specific contents of any designated information produced by another party herein, which disclosure would be contrary to the terms of this Order.

17.5   The fact that a party has designated an item under this Order and the level of designation is not probative as to whether the item is a bona fide trade secret or other intangible property right and such designation, level of designation,

//

//

//

//

//

//

//

//

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1  and existence of this Order shall not be made known to the jury either directly or

2  indirectly.

3

4       This Order shall not govern the use of materials in connection with

5  dispositive motions or at trial.  To the extent that a party desires protection in

6  connection with such proceedings, it must seek such protection separately, from the

7  judicial officer presiding over those proceedings.

8       IT IS SO ORDERED.

9

10  Dated:  June 12, 2008      _____

11                            Hon. Ralph Zarefsky
                              United States Magistrate Judge

12

13

14

15

16

17

18

19                  **EXHIBIT A**

20

21

22

23

24

25

26

27

28

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Eighth Floor*
*Los Angeles, CA 90071-3119*

- 15 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA 90071-3119**

LOCKE LORD BISSELL & LIDDELL LLP
Robert J. McAughan, Jr. (*pro hac vice*)
bmcaughan@lockelord.com
Pankti Patel (*pro hac vice*)
ppatel@lockelord.com
3400 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel:  713.226.1200
Fax:  713.223.3717

Keith G. Wileman (SBN: 111225)
kwileman@lockelord.com
Cory A. Baskin (SBN: 240517)
cbaskin@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, California  90071-3119
Tel:  213.485.1500
Fax:  213.485.1200

Attorneys for PLAINTIFF
THE NINJA CORPORATION UAE
Grant E. Kinsel (SBN: 172407)
gkinsel@foley.com
Lori V. Minassian (SBN: 223542)
lminassian@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, California 90071-2411
Tel:  213.972.4500
Fax:  213.486.0065

Attorneys for DEFENDANTS
PATENT CATEGORY CORPORATION and
PLAYHUT, INC

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1               UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3

4 THE NINJA CORPORATION UAE, a foreign corporation,

                Case No. CV 07-5543 CAS (RZx)

5              Plaintiff,

6       v.                 **DECLARATION OF _____**

**PURSUANT TO PARAGRAPH 5.0**

7 PLAYHUT, INC. and PATENT CATEGORY CORPORATION,       **OF JOINT PROTECTIVE ORDER**

8 California corporations,

9             Defendants.

10

          **DECLARATION OF _____**

11   **PURSUANT TO PARAGRAPH 5.0 OF JOINT PROTECTIVE ORDER**

12

13      I, _____ having been warned that perjury

14 is a crime punishable under the laws of the United States, declare as follows:

15      1.    I have read and understand the contents of the JOINT PROTECTIVE

16 ORDER FOR DISCOVERY agreed to by the parties and signed by the United

17 States District Judge in this matter.

18      2.    I am a recipient under Paragraph 5.0 of the JOINT PROTECTIVE

19 ORDER authorized to receive "Confidential–Attorneys Only" or "Confidential-

20 Outside Attorneys Only" information.  I have executed this Declaration and have

21 agreed to observe the conditions provided in the JOINT PROTECTIVE ORDER

22 prior to any disclosure to me of any item designated under the JOINT

23 PROTECTIVE ORDER.

24      3.    I expressly agree that:

25      (a)    I have read and shall be fully bound by the terms of the JOINT

26 PROTECTIVE ORDER;

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

(b)     All items that are disclosed to me under the JOINT PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the JOINT PROTECTIVE ORDER;

(c)     I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the JOINT PROTECTIVE ORDER;

(d)     I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the JOINT PROTECTIVE ORDER; and

(e)     I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and I shall destroy any notes or memoranda I have that concern such items.

4.     I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be found, for purposes of enforcement of the JOINT PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____     _____

Name: _____

Title: _____

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

- 3 -

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA 90071-3119**

# EXHIBIT B

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1   LOCKE LORD BISSELL & LIDDELL LLP
    Robert J. McAughan, Jr. (*pro hac vice*)
2   bmcaughan@lockelord.com
    Pankti Patel (*pro hac vice*)
3   ppatel@lockelord.com
    3400 JP Morgan Chase Tower
4   600 Travis Street
    Houston, Texas 77002
5   Tel:  713.226.1200
    Fax:  713.223.3717
6
    Keith G. Wileman (SBN: 111225)
7   kwileman@lockelord.com
    Cory A. Baskin (SBN: 240517)
8   cbaskin@lockelord.com
    300 South Grand Avenue, Eighth Floor
9   Los Angeles, California  90071-3119
    Tel:  213.485.1500
10  Fax:  213.485.1200

11  Attorneys for PLAINTIFF
    THE NINJA CORPORATION UAE
12
    Grant E. Kinsel (SBN: 172407)
13  gkinsel@foley.com
    Lori V. Minassian (SBN: 223542)
14  lminassian@foley.com
    FOLEY & LARDNER LLP
15  555 South Flower Street, Suite 3500
    Los Angeles, California 90071-2411
16  Tel:  213.972.4500
    Fax:  213.486.0065
17
    Attorneys for DEFENDANTS
18  PATENT CATEGORY CORPORATION and
    PLAYHUT, INC

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21
    THE NINJA CORPORATION UAE, a       | Case No. CV 07-5543 CAS (RZx)
22  foreign corporation,               |
                                       |
23              Plaintiff,             |
                                       | **DECLARATION OF**
24        v.                           | **PURSUANT TO 6.0 OF JOINT**
                                       | **PROTECTIVE ORDER**
25  PLAYHUT, INC. and PATENT           |
    CATEGORY CORPORATION,              |
26  California corporations,           |
                                       |
27                                     |
                                       |
28              Defendants.            |

                                 2

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA  90071-3119

**DECLARATION OF _____**

**PURSUANT TO PARAGRAPH 6.0 OF JOINT PROTECTIVE ORDER**

I, _____, having been warned that perjury is a crime punishable under the laws of the United States, declare as follows:

1.    I have read and understand the contents of the JOINT PROTECTIVE ORDER FOR DISCOVERY agreed to by the parties and signed by the united states district judge in this matter.

2.    I am a recipient under Paragraph 6.0 of the JOINT PROTECTIVE ORDER authorized to receive "Confidential" information.  I have executed this Declaration and have agreed to observe the conditions provided in the JOINT PROTECTIVE ORDER prior to any disclosure to me of any item designated under the JOINT PROTECTIVE ORDER.

3.    I expressly agree that:

(a)    I have read and shall be fully bound by the terms of the JOINT PROTECTIVE ORDER;

(b)    All items that are disclosed to me under the JOINT PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the joint protective order;

(c)    I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the JOINT PROTECTIVE ORDER;

(d)    I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the JOINT PROTECTIVE ORDER; and

(e)    I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and I shall destroy any notes or memoranda I have that concern such items.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

3

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER

1        4.     I do and shall subject myself to the continuing jurisdiction of the above-

2  captioned court over my person, wherever I shall be found, for purposes of

3  enforcement of the JOINT PROTECTIVE ORDER.

4        I declare under penalty of perjury that the foregoing is true and correct.

5  Executed on: _____      _____

6                     Name: _____

7                     Title: _____

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

ORDER APPROVING STIPULATED JOINT
PROTECTIVE ORDER